## METTLER vs. THE EASTON AND AMBOY RAILROAD COMPANY.

A defence based on matter of fact as to liability to pay interest on an award on proceedings to condemn land for a railroad company, available on a trial by jury, but as to which no evidence was offered, nor any request made to the judge to admit any evidence respecting it—though he directed

the jury to find against the defendant as to the interest, which direction was considered and sustained, and the liability specially found against the defendant on review by a court of law of competent jurisdiction, cannot be made the ground of relief in a court of equity.

On petition and order to show cause.

*Mr. J. G. Shipman* and *Mr. T. N. McCarter*, for the defendants, petitioners.

*Mr. J. F. Dumont*, for the complainant.

THE CHANCELLOR.

The complainant filed his bill to enjoin the defendants from taking or continuing possession of his land, which had been condemned under their charter for their railroad. They had not paid or tendered to him the amount found by the jury on the trial of the appeal, but only so much thereof as was for the value of the land and damages. The verdict was a special one for the value of the land, $1155; damages, $2765; and interest, $275.92. The question whether the complainant was entitled to the interest, and whether he should have or should pay costs, was pending before the Supreme Court. The defendants tendered to the complainant the amount found for the value of the land and damages, and notified him, in writing, of their willingness to pay the interest and costs, if the Supreme Court should adjudge him to be entitled thereto. He having refused to accept the money so tendered and to give possession of the land, they, (under their charter as they claimed,) paid the amount found for value and damages into this court, and proceeded thereupon to take possession of the land. The complainant then applied to this court for an injunction, as above mentioned, which was granted. On motion to dissolve, the court gave to the defendants opportunity to relieve themselves from the injunction, by paying to the complainant the costs of this suit, with the costs of an order for the payment to him of the money deposited

in this court, and the percentage due the clerk on the deposit, and paying into this court a sum sufficient to cover the interest and costs. The injunction was dissolved on those terms. The Supreme Court subsequently ordered that judgment be entered for the complainant, for the several sums found by the jury, deducting therefrom the taxable costs of the defendants. The defendants now file a petition, stating, that on the trial of the appeal they were surprised by the direction of the judge to the jury to find the interest, and had no opportunity to show that the complainant had been, from the time of the condemnation, in possession of the premises to his own use, or taking the rents, issues and profits thereof; and they allege that the complainant had been so in possession, and that the use of the property for that period was equivalent to the interest found by the jury. The petition prays that an order may be made directing that the deposit be paid to the defendants.

The course which was adopted in this cause, in dissolving the injunction on terms, was designed to secure to the complainant his constitutional rights without needless hindrance to the defendants in the prosecution of their work. The complainant applied to this court for an injunction, restraining the defendants from occupying his land, until they had made him compensation therefor. He was decreed to be entitled to that relief. The charter of the defendants pointed out the way in which the amount of his compensation was to be determined. The requisite proceedings to that end had been taken, and the parties were awaiting the judgment of the Supreme Court to determine the full amount of that compensation, and whether he was entitled to be paid, or should be required to pay, the costs of those proceedings. The complainant was entitled to the protection of this court against the invasion of his rights by the defendants. The merits of the controversy as to the interest and costs were in no wise involved in this suit. The only question was, whether the defendants should not be restrained from occupying the complainant's land, until the Supreme Court should have deter-

mined what was due him therefor, and the money should have been paid or tendered to him. The amount of compensation having been ascertained, in the mode prescribed by law, the complainant is entitled to payment thereof out of the deposit in this court, subject to the deduction of costs ordered by the Supreme Court. The Supreme Court held, substantially, that the company might, on the trial, have set off the use and occupation of the premises against the claim for interest. Under this view of the law on the subject, they are not entitled to the relief which they seek here as to the interest, for they might have had an opportunity to prove at the trial the value of the alleged use and occupation of the property after the condemnation. The question of interest was distinctly before the court—so distinctly as to be made the subject of a special finding. That no evidence was offered on the subject of the value of the use and occupation, nor any request made to the judge to admit any evidence on that score, cannot be made the ground of relief here. It appears that the defendants not only did not seek to introduce such evidence, but took no exception to the direction given to the jury to find the interest. Nor was any application made for a new trial. The defendants merely moved the Supreme Court, on the coming in of the *postea*, that judgment be entered for the sum found by the jury as the value of the land and damages, excluding the allowance for interest, and applied for the allowance of costs to them. It is not alleged that, while as yet they might have had relief at law, they were ignorant of the fact of such use and occupation. They have no claim, under the circumstances, to the relief they seek as to the interest. *Story's Eq. Jur.*, §§ 894, 895, 896.

The defendants are not entitled to the whole of the relief sought by the petition. They are entitled only to so much of the money in court as is not required for the payment of the difference between the interest and the defendants' costs at law.